IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INNOVA PATENT LICENSING, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NETSUITE INC.,**<br><br>**Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff InNova Patent Licensing, LLC for its Complaint against Defendant NetSuite Inc., hereby alleges as follows:

### THE PARTIES

1. Plaintiff InNova Patent Licensing, LLC ("InNova") is a limited liability company organized and existing under the laws of Texas, having its principal place of business at 911 NW Loop 281, Suite 211-14, Longview, TX 75604.

2. On information and belief, Defendant NetSuite Inc. ("NetSuite") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 2955 Campus Drive, Suite 100, San Mateo, California 94403.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

4. This Court has specific and/or general personal jurisdiction over Defendant NetSuite because it has committed acts giving rise to this action within this judicial district

1

and/or has established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over Defendant NetSuite would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendant NetSuite has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## INFRINGEMENT OF U.S. PATENT 6,018,761

6. InNova re-alleges and incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

7. On January 25, 2000, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,018,761 ("the '761 patent") entitled "System for Adding to Electronic Mail Messages Information Obtained from Sources External to the Electronic Mail Transport Process." A true and correct copy of the '761 patent is attached hereto as **Exhibit A**.

8. InNova is the owner and assignee of all right, title and interest in and to the '761 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

9. On information and belief, Defendant NetSuite has been and now is infringing the '761 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, offering to sell, and/or selling in the United States electronic-message filtering products and/or services that embody the inventions claimed in the '761 patent, including but not limited to NetSuite, NetSuite CRM, NetSuite CRM+, NetSuite for small

business, and all reasonably similar products. On information and belief, Defendant NetSuite indirectly infringes by contributing to its customers' infringing use of NetSuite, NetSuite CRM, NetSuite CRM+, NetSuite for small business, and all reasonably similar products. On information and belief, Defendant NetSuite's NetSuite's, NetSuite CRM's, NetSuite CRM+'s, and NetSuite for small business' DKIM-authentication and all reasonably similar products' DKIM-authentication have no substantial non-infringing use and are especially made or especially adapted for use in an infringement of the '761 patent. On information and belief, Defendant NetSuite indirectly infringes by actively inducing its customers to use NetSuite, NetSuite CRM, NetSuite CRM+, NetSuite for small business, and all reasonably similar products. On information and belief, Defendant NetSuite advertises and instructs customers on how to use NetSuite, NetSuite CRM, NetSuite CRM+, and NetSuite for small business in a manner that infringes the '761 patent claims and thus encourages, and intends for its customers to use NetSuite, NetSuite CRM, NetSuite CRM+, and NetSuite for small business in a manner that infringes the claims of the '761 patent.  From the service date of this Complaint forward, Defendant NetSuite had knowledge of the '761 patent and knew its actions would induce and/or contribute to infringement of the '761 patent.

10. On information and belief, Defendant NetSuite will continue to infringe the '761 patent unless enjoined by this Court.

11. Defendant NetSuite's acts of infringement have damaged InNova in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant NetSuite's infringement of InNova's rights under the '761 patent will continue to damage InNova causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

1.    Wherefore, InNova respectfully requests that this Court enter judgment against Defendant NetSuite as follows:

    a.    For judgment that Defendant NetSuite has infringed and continues to infringe the claims of the '761 Patent;

    b.    For preliminary and permanent injunction against Defendant NetSuite and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '761 Patent;

    c.    For an accounting of all damages caused by Defendant NetSuite's acts of infringement;

    d.    For damages to be paid by Defendant NetSuite adequate to compensate InNova for Defendants' infringement, including interest, costs and disbursement as justified under 35 U.S.C. § 284; and

    e.    For such relief at law and in equity as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

InNova demands a trial by jury of all issues triable by a jury.

Dated: June 20, 2012            Respectfully submitted,

                                          /s/ Christopher D. Banys
                                          Christopher D. Banys - ***Lead Attorney***

                                          THE LANIER LAW FIRM, P.C.
                                          THE LANIER LAW FIRM, P.C.
                                          Christopher D. Banys    SBN: 230038 (California)
                                          Daniel W. Bedell       SBN: 254912 (California)

Carmen A. Aviles  SBN: 251993 (California)
Daniel M. Shafer  SBN: 244839 (California)
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
cma@lanierlawfirm.com
dms@lanierlawfirm.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill  SBN: 24032294
111 W. Tyler Street
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
INNOVA PATENT LICENSING, LLC**